UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SCOTT KELLER, *et al.*,                    )
                                           )
            Plaintiffs,                    )
                                           )
v.                                         )          No.  3:15-CV-581
                                           )
HOSPITAL OF MORRISTOWN, *et al.*,          )
                                           )
            Defendants.                    )

MEMORANDUM OPINION AND ORDER

This case is before the court to address a motion to dismiss filed by defendants, Hospital

of Morristown, Inc., d/b/a Lakeway Regional Hospital ("Lakeway") and Professional Account

Services, Inc. ("PASI"), [Doc. 18].  The plaintiffs have responded to the motion to dismiss, [Doc.

22], and defendants Lakeway and PASI have replied, [Doc. 23].  The matter is ripe for review.

**I. FACTS**

The plaintiffs filed this class action complaint alleging violations of the Fair Debt

Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, violations of the Electronic

Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, related to the defendants' attempts to

collect debts.  The complaint alleges that the plaintiffs incurred debts to Lakeway for medical

services provided to the plaintiffs.  [Complaint ¶¶ 21, 24].  After the plaintiffs defaulted on the

debts, Lakeway "assigned the debts to PASI" for collection, and PASI hired Michael Mossman

("Mossman") to attempt to collect the debts from plaintiffs.  [*Id.* ¶ 24].  Debt collection suits

were filed in state court against the plaintiffs using a state court summons and sworn affidavit.

The plaintiff alleges that "on information and belief, an employee of Mossman prepared the civil

1

summonses" and "on information and belief" employees or agents of PASI signed the sworn affidavits. [*Id.* ¶¶ 31, 36].

The civil summons and sworn affidavit were filed in Hamblen County state court against each plaintiff. On the pre-printed civil summons used in each of the plaintiffs' state court cases in the section titled "Notices to Defendant(s)" the following statement is printed:

> If Plaintiff says his suit is based on a SWORN ACCOUNT, and if you deny owing the amount claimed, you will not be permitted to contest Plaintiff's claim unless you deny the correctness of the amount in writing, under oath. Your SWORN DENIAL should state what amount you think you do owe. It must be filed with the Clerk. A copy must be sent to and received by Plaintiff (or his attorney) before trial date. Failure to comply with this procedure may result the entry of a judgment against you, unless you show good cause for more time to comply.

[*Id.* ¶ 43].

The civil summons filed against plaintiff Keller stated that "the balance due and owing on a Sworn Account hereto the Court shown in the amount of $1,508.77, together with a reasonable Attorney Fee, plus post judgment interest at the legal rate, civil process fees in the amount of $35.00, less any payments credited and the costs of this cause." [*Id.* ¶ 32, Exhibit 3-1]. The sworn affidavit filed with the civil summons stated Keller owed $1,583.77 but "makes no mention of attorney fees." [*Id.* ¶ 38]. A judgment by agreement was entered against Keller in the amount of $1458.27, "plus interest at the rate of 5.25% and cost of suit." [Exhibit 3-1].

The civil summons filed against plaintiff Griffin stated that "the balance due and owing on a Sworn Account hereto the Court shown in the amount of $245.76, together with a reasonable Attorney Fee, plus post judgment interest at the legal rate, civil process fees in the amount of $35.00, less any payments credited and the costs of this cause." [*Id.* ¶ 33, Exhibit 3-2]. The sworn affidavit filed with the civil summons stated Griffin owed $245.76 but "makes no

mention of attorney fees." [*Id.* ¶ 39]. The civil summons was dismissed without prejudice against Griffin. [Exhibit 3-2].

The civil summons filed against plaintiff Fincher stated that "the balance due and owing on a Sworn Account hereto the Court shown in the amount of $247.00, together with a reasonable Attorney Fee, plus post judgment interest at the legal rate, civil process fees in the amount of $35.00, less any payments credited and the costs of this cause." [*Id.* ¶ 34, Exhibit 3-3]. The sworn affidavit filed with the civil summons stated Fincher owed $247.00 but "makes no mention of attorney fees." [*Id.* ¶ 40]. A judgment by agreement was entered against Fincher in the amount of $346.50, "plus interest at the rate of 5.25% and cost of suit." [Exhibit 3-3].

The civil summons filed against plaintiff Robinson stated that "the balance due and owing on a Sworn Account hereto the Court shown in the amount of $547.80, together with a reasonable Attorney Fee, plus post judgment interest at the legal rate, civil process fees in the amount of $35.00, less any payments credited and the costs of this cause." [*Id.* ¶ 35, Exhibit 3-4]. The sworn affidavit filed with the civil summons stated Robinson owed $547.80 but "makes no mention of attorney fees." [*Id.* ¶ 41]. A judgment by agreement was entered against Keller in the amount of $647.80, "plus interest at the rate of 5.25% and cost of suit." [Exhibit 3-4].

The plaintiffs filed this class action lawsuit alleging FDCPA and EFTA violations. The plaintiffs allege the defendants violated the FDCPA by misrepresenting plaintiffs' rights under state law, through an alleged misrepresentation of Tennessee state law printed on the second page of each civil summons form. [Complaint ¶ 47]. The plaintiffs also allege that the defendants violated FDCPA by "requesting different amounts" in the civil summons and sworn affidavit. [*Id.* ¶ 48]. The plaintiffs further allege that the defendants violated EFTA by failing to comply with EFTA's requirement to provide notice and obtain verbal authorization for electronic

3

fund transfers in violation of Regulation E of the Code of Federal Regulations, 112 C.F.R. §§ 1005.3(b)(2)(ii) and (iii).

## II. STANDARD OF REVIEW

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face." I*d*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 556 U.S. at 678. Lastly, this Court may consider documents central to the plaintiff's claims to which the

4

complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

A motion to dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction may be either an attack on the face of the complaint or on the factual basis of jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A factual attack challenges the existence of jurisdiction, apart from the pleadings. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1334 (citing *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977)). When a factual issue exists in a Rule 12(b)(1) motion, the district court is "free to weigh the evidence and satisfy itself as the existence of its power to hear the case." *Id.* (citing *Mortensen*, 549 F.2d at 890-91). The court is "empowered to resolve factual disputes" arising out of a Rule 12(b)(1) challenge to subject matter jurisdiction. *Id.* (citing *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).

## III. ANALYSIS

### 1. FDCPA Violations

The FDCPA was passed to eliminate "abusive, deceptive, and unfair debt collection practices." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting 15 U.S.C. § 1692(a)). The Sixth Circuit has noted that the act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or *de minimis* violation. *See Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). While § 1692e lists a number of examples of false or misleading representations, the text of the statute itself indicates that the examples are not meant to limit its prohibition on the use of false, deceptive or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e. Likewise, § 1692f contains the same language, making clear that the examples set forth

therein do not "limit[ ] the general application" of its prohibition on the use of unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The Seventh Circuit has observed that the phrase "unfair or unconscionable" used in § 1692f "is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, 480 F.3d 470, 474 (7th Cir. 2007).

Here, the plaintiff alleges violations of § 1692e and the following specific enumerated provisions:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.
>
> . . .
>
> **(2)** The false representation of--
> **(A)** the character, amount, or legal status of any debt;
> **(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt
>
> . . .
>
> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . .
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

The plaintiff additionally alleges that the defendants violated § 1692f which prohibits "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. That section provides a non-exhaustive list of specific examples that constitute a violation of the section. *Id.* The plaintiffs specifically allege that the defendants used unfair or unconscionable methods to collect a debt by "the collection of any amount (including any interest, fee, charge, or

6

Case 3:15-cv-00581-JRG-MCLC   Document 36   Filed 11/28/16   Page 6 of 16   PageID #: 521

expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* at § 1692f(1).

In assessing whether particular conduct violates the FDCPA, courts apply "the least sophisticated consumer" test to objectively determine whether that consumer would be misled. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992). The least sophisticated consumer test is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (quotations and citation omitted).

The plaintiffs allege that the defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f by having a civil warrant form served on each of them that contained a misstatement of Tennessee law. [*Complaint* ¶ 47]. The plaintiffs also allege the defendants violated the FDCPA by requesting "different amounts in the civil summons and sworn affidavits that made conflicting statements" as to the amount owed and the "compensation which may be lawfully received by any debt collector for the collection of any debt." [Doc. 22 p. 8-9].

### a. *Rooker-Feldman* Doctrine

In their motion to dismiss, the defendants argue that the Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine over the plaintiffs' claims. The *Rooker-Feldman* doctrine arises out of two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Supreme Court clarified the *Rooker-Feldman* doctrine stating that application of the doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-

7

court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Both plaintiffs in *Rooker* and *Feldman* requested the district court to "overturn an injurious state-court judgment" but only the Supreme Court has jurisdiction to review a state court's judgment. *Id.* at 292.

The court must look at the source of the plaintiff's injury alleged in the federal complaint to determine whether a claim is one that attacks a state court judgment, and thus is within the *Rooker-Feldman* scope, or an independent claim over which a district court may assert jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* For a claim to fall within the *Rooker-Feldman* doctrine's scope, "the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim." *Id.* at 394.

The defendants argue that the plaintiffs' claims regarding the misstatement of law are actually "challenging the Judgments and the propriety of same being entered by the State Court, allegedly without Plaintiffs having a proper opportunity to deny the claims of the Civil Warrant" due to the misstatement of law. The defendants argue the source of the plaintiffs' injury is the entry of the state court judgments and therefore, this Court lacks subject matter jurisdiction. Additionally, to find in favor of the plaintiffs on the FDCPA claim would require the court to determine that the judgments were "entered in violation of the Plaintiffs' rights," according to the defendants.

The plaintiffs argue in response that they are not complaining of injuries caused by the state court judgments but instead are complaining of collection methods that occurred prior to entry of the judgments and therefore not within the scope of the *Rooker-Feldman* doctrine. According to the plaintiffs, the FDCPA violation occurred at the time that the defendants submitted the civil summons containing an alleged misstatement of law and failed to provide a specific amount of attorney fees requested.

The Court agrees with the plaintiffs that the *Rooker-Feldman* doctrine does not prohibit consideration of the alleged FDCPA violations. The plaintiffs have alleged that violations were committed by the defendants when a civil summons was prepared and submitted to the state court with an alleged misstatement of law and a "different amount" used in the summons and sworn account. The alleged conduct occurred when preparing and submitting the civil summons, not upon entry of judgment. Therefore, the source of the plaintiffs' alleged injuries is the collection practice of the defendants in preparing in the civil summons and sworn account submitted to the state court. The entry of the default judgments does not erase the allege FDCPA violation that occurred prior to entry. The *Rooker-Feldman* doctrine does not prohibit the Court from considering the FDCPA claims.

### b. Claim Preclusion and Collateral Estoppel

The defendants also argue that claim preclusion, or *res judicata*, prevents the Court from considering the plaintiffs' FDCPA claims. Claim preclusion prevents a party from relitigating previously adjudicated claims, or claims that should have been advanced in an earlier suit between the same parties. *Mitchell v. Chapmen*, 343 F.3d 811, 819 (6th Cir. 2003). The claim preclusion doctrine requires this Court to give the same effect to the Tennessee state court judgment as another Tennessee state court would. *Hutcherson v. Lauderdale Cnty., Tenn.*, 326

9

F.3d 747, 758 (6th Cir. 2003). Under Tennessee law, claim preclusion bars a subsequent suit where, (1) the underlying judgment was rendered by a court of competent jurisdiction, (2) the same parties or their privies were parties in both suits, (3) the same claim or cause of action was asserted in both suits, and (4) the underlying judgment was final and on the merits. *Long v. Board of Professional Responsibility*, 435 S.W.3d 174, 183 (Tenn. 2014) (citing *Lien v. Couch*, 993 S.W.2d 347, 349 (Tenn. Ct. App. 1998); *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)).

The doctrine of collateral estoppel, or issue preclusion, applies only if "(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding . . . resulted in a final judgment on the merits; and (4) the party against whom [issue preclusion] is sought ... had a full and fair opportunity to litigate the issue in the prior proceeding." *Smith v. Securities & Exch. Comm'n*, 129 F.3d 356, 362 (6th Cir.1997) (*en banc*) (citing *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir.1987)).

Because no judgment was entered against plaintiff Griffin, the defendants clearly cannot meet the first element of proving claim preclusion and plaintiff Griffin's claims cannot be dismissed on this basis. Regarding the third element of claim preclusion, requiring that the same claim or cause of action was asserted in both suits, the defendants argue "necessarily, the contents of the Summonses and Affidavits, relevant for demonstrating collection practices in violation of the FDCPA, were at the forefront of the State Court proceedings." The Court disagrees. The underlying action was a debt collection action that adjudicated only whether the plaintiffs owed the underlying debt to Lakeway. There is nothing in the record here to show that the defendants' collection practices, including contents of the summons, were even at issue in the

proceeding, much less at the "forefront."  While the state court may have been satisfied that the plaintiffs were given an opportunity to deny the debt, such a conclusion does not foreclose the FDCPA claims of unfair or deceptive practices used in preparing the summons or affidavit that may have misstated the law.  Additionally, these cases do not "arise out of the same transaction" as the defendants contend.  The transaction that led to the state court suit was Lakeway providing medical services to the plaintiffs resulting in debts, and the plaintiffs failing to pay the debts. The preparation of the civil summons and affidavit were not the transaction at issue in the state court debt collection suit.  The defendants have failed to meet their burden to show that claim preclusion bars the court from considering the plaintiffs' FDCPA claims.

Additionally, issue preclusion cannot apply to any of the plaintiffs' claims, because the defendants have failed to provide any support that the alleged FDCPA claims were "actually litigated."  The only evidence before the Court are the civil summons and the agreed judgments. A judgment by agreement for a particular amount does not show, at this stage, that the issues relating to the FDCPA claims were even at issue before the state court, much less "actually litigated."  Issue preclusion does not bar the Court from considering the plaintiffs' FDCPA claims.

### c.  Misstatement of Law

The plaintiffs allege that the defendants violated FDCPA provisions 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f because the civil summons form used allegedly contained a misstatement of Tennessee law.  [*Complaint* ¶ 47].  The section of the civil summons at issue informs the consumer that he or she may not be able to contest the debt owed on the sworn account unless "you deny the correctness of account in writing, under oath."  Tennessee law provides that an affidavit of the creditor is conclusive against the debtor "unless that party on

11

oath denies the account or except as allowed under subsection (b)." Tenn. Code Ann. § 24-5-107. Subsection (b) states, "The Court shall allow the Defendant orally to deny the account under oath. . . ." § 24-5-107(b). The plaintiffs allege the civil summons contains a misstatement of law because the summons does not inform the recipient that he or she may dispute the sworn account orally under oath; and therefore, such a misstatement is false, misleading, or deceptive to the plaintiffs.

The defendants generally state many times in their motion to dismiss that the plaintiffs have failed to state a claim for relief under the FDCPA. However, the defendants did not specifically address their arguments relating to failing to state an FDCPA claim for the alleged misstatement of law in either their motion or their reply; they only discuss the alleged "different amounts" violation. [Doc. 19 Section C; Doc. 23 section 5]. In their response, the plaintiffs only briefly address this FDCPA claim. The plaintiffs state that the summons falsely represents the plaintiffs' rights under state law and that the summons was "prepared by Mossman." However, no further argument was submitted by either party. Because neither party has sufficiently briefed the issue of whether this alleged misstatement of law does or does not meet the FDCPA elements, the Court will not decide this issue now. A general conclusory allegation that the complaint does not sufficiently plead a claim for relief is insufficient to support dismissal of that claim. To the extent the defendants move to dismiss the alleged FDCPA claim based on an alleged misstatement of law, the motion is DENIED.

### d. Requesting Different Amounts

The plaintiffs allege the defendants committed FDCPA violations by "requesting different amounts in the civil summons and sworn affidavits" which were "conflicting statements as to the amount owed." [Complaint ¶ 48]. The complaint does not allege facts to further

12

explain their alleged violation.  The affidavit in each state court case states the plaintiffs owe an amount for services rendered by Lakeway, "amount X."  The corresponding civil summons states the balance due and owing in the debt collection suit is: "amount X together with a reasonable Attorney fee, plus post Judgment interest at the legal rate, civil process fees in the amount of $35.00, less any payments credited. . . ."  The plaintiffs allege that the documents are "conflicting statements" and would be confusing to the least sophisticated consumer as to how much was allegedly owed and resulted in a false representation of the character, amount, or legal state of the debt and of the compensation that may be lawfully collected by a debt collector in violation of §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692(10).  [*Id.*]  In each affidavit and corresponding civil summons, the amount owed to Lakeway for services rendered, "amount X," is the same, except for the Keller documents.

In their motion to dismiss, the defendants argue that the plaintiffs have failed to state a claim under the FDCPA because, except for the Keller warrant, the principal amounts owed are not inconsistent and the documents did not request different amounts.  The defendants cite to multiple cases from this Court and other courts in the Eastern District of Tennessee holding that where the summons and affidavit contain consistent principal amounts, such communications are not false or misleading under the FDCPA, even where the summons also requests attorney fees and costs that are not discussed in the affidavit.  *See White v. Sherman Financial Group, LLC*, 984 F. Supp. 2d 841, 849 (E.D.Tenn. Nov. 4, 2013) (holding that the summons and affidavit are not inconsistent where the principal amount listed on both documents is the same but the affidavit does not mention court costs and the civil summons requests costs authorized by statute); *see also Smith v. LVNV Funding, LLC*, No. 2:11-CV-379, 2014 WL 3810633, at *16-17, (E.D.Tenn. Aug. 1, 2014) The reasoning applied in *White* and *Smith* applies the same here.

13

Where the principal amounts are the same, the summons and affidavit are not "inconsistent." The plaintiffs have not presented any facts or argument that distinguish this case from *Smith* or *White*. Therefore, to the extent that the plaintiffs have alleged FDCPA violations based on "inconsistent amounts" where the affidavit and summons state the same principal amount, the plaintiffs have failed to state a claim and the motion to dismiss is GRANTED.

The plaintiffs state in their response that the complaint alleges that the FDCPA violation was committed by the defendants when the civil summonses were submitted to the state court requesting "a reasonable attorney fee" but the summonses failed to provide a specific amount of attorney fees. The plaintiffs also seem to argue, briefly, that the FDCPA violation occurred where the affidavit does not mention attorney fees but the summons requests attorney fees.

This Court has previously found that requesting attorney fees in the summons where the affidavit does not mention attorney fees is insufficient support an FDCPA claim. "As for attorney's fees and costs, it is true that the affidavit does not state those are due and owing. It does not state as such because they have not yet accrued. Thus, there is no inconsistency regarding attorney's fees and costs." *Smith*, 2014 WL 3810633, at *16-17. Finally, the plaintiffs' argument that the failure to provide a specific amount of attorney fees in the civil summons is somehow misleading or deceptive because it is "inconsistent" with the affidavit is unpersuasive. The amount of attorney fees to be collected may not be determined at the time the civil summons is created because the defendants may not be aware of the amount of time or expense that will be expended on the collection efforts. The Court does not find that requesting a "reasonable attorney fee" in a civil summons is false or misleading to the least sophisticated consumer. The alleged FDCPA violation based on "requesting inconsistent amounts" is DISMISSED WITH PREJUDICE.

14

## 2. Electronic Fund Transfers Act

The EFTA provides a framework for the rights, liabilities, and responsibilities of participants in the electronic fund transfer systems. 15 U.S.C. § 1693(b). The plaintiffs allege that the defendants violated the EFTA and its implementing regulation by failing to provide the required call recording notice and by failing to obtain a verbal authorization for each transfer by the plaintiffs in the year prior to filing the suit. [*Complaint* ¶¶ 55-57].

The defendants first argue that the Court lacks subject matter jurisdiction over the plaintiffs' EFTA claim pursuant to the *Rooker-Feldman* doctrine. The defendants then argue that the plaintiffs have failed to state a claim under the EFTA in their amended complaint. The plaintiffs failed to even address either argument in their response to the motion. The plaintiffs failed to respond to the arguments that the EFTA claims should not be dismissed for failing to state a claim or for lack of subject matter jurisdiction. The Court's Local Rules provide that "failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.Tenn. *L.R.* 7.2. The Court finds that the plaintiffs have waived their opposition to dismissal of the EFTA claim by failing to respond to the argument to dismiss the claims made in the defendants' motion. Therefore, the plaintiffs' EFTA claims, Counts Seven through Nine, are hereby DISMISSED WITH PREJUDICE.

## IV. CONCLUSION

The defendant's motion to dismiss, [Doc. 18], is GRANTED IN PART and DENIED IN PART. For the reasons stated above, the plaintiffs have failed to state a claim under the FDCPA for "requesting different amounts," and that FDCPA claim is hereby DISMISSED WITH PREJUDICE. Additionally, the plaintiffs have waived their opposition to dismissal of the EFTA

15

claims by failing to oppose dismissal and Counts Seven through Nine are DIMISSED WITH PREJUDICE.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
