# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| SCOTT KELLER, CELIA GRIFFIN, MARTHA FINCHER, CHENNA ROBINSON, and MITCHELL ROBINSON, on behalf of plaintiffs and the class defined herein, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:15-CV-581-JRG-MCLC |
| HOSPITAL OF MORRISTOWN, INC., d/b/a LAKEWAY REGIONAL HOSPITAL, PROFESSIONAL ACCOUNT SERVICES, INC., and MICHAEL I. MOSSMAN, | ) ) ) ) ) ) | <u>Jury Trial Demanded</u> |
| Defendants. | ) ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL I. MOSSMAN'S MOTION FOR JUDGMENT ON THE PLEADINGS

### INTRODUCTION

Plaintiffs file this response in opposition to Defendant Michael I. Mossman's (Mossman) Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12 and his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). **Doc. 35.**

### STATEMENT OF FACTS

Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3). **Doc. 3, Page ID # 41, ¶¶ 4-8.** Hospital of Morristown, Inc., d/b/a Lakeway Regional Hospital (Lakeway) is a Tennessee corporation that is, on information and belief, duly licensed to conduct business in this state and Defendant Professional Account Services, Inc. (PASI) and Mossman are each a "debt collector" as

1

defined by 15 U.S.C. § 1692a(6) (collectively "FDCPA Defendants"). **Doc. 3, Page ID # 41-42, ¶¶ 10-11.** The FDCPA Defendants have alleged that Plaintiffs incurred a "debt" as defined by 15 U.S.C. § 1692a(5), namely, medical debts owed to Lakeway. **Doc. 3, Page ID # 43, ¶ 21.** PASI and Mossman regularly engage in collection of consumer debts, and attempt to collect these debts in different ways. **Doc. 3, Page ID # 43-44, 46 ¶¶ 22-23, 31, 36-37.** After default, Lakeway assigned the debt to PASI to attempt collection from Plaintiffs, and PASI hired Mossman to attempt collection from Plaintiffs. **Doc. 3, Page ID # 44, ¶ 24; Mossman's Answer to First Amended Complaint (FAC), Doc. 10, Page ID # 102, ¶ 24; PASI's Answer to FAC, Doc. 39, Page ID # 538, ¶ 24.** FDCPA Defendants filed the collection lawsuits against Plaintiffs. **Doc. 3, Page ID # 44-45, ¶¶ 26-30, 31, 36-37; Docs. 3-1, 3-2, 3-3, 3-4.** The collection lawsuits filed by the FDCPA Defendants conveyed information regarding the debt, including that Lakeway was the creditor, the amount alleged as owed, and when the debt was incurred. **Doc. 3, Page ID # 45, ¶ 30; Doc. 3-1, Page ID # 58-60; Doc. 3-2, Page ID # 61-63; Doc. 3-3, Page ID # 64-66; Doc. 3-4, Page ID # 67-69.** An employee of Mossman prepared the civil summons. **Doc. 3, Page ID # 45, ¶ 31; Mossman's Answer to First Amended Complaint, Doc. 10, Page ID # 103, ¶ 31.** PASI's employees or agents signed the sworn affidavits and PASI paid the cost of filing and serving the collection lawsuits. **Doc. 3, Page ID # 46, ¶¶ 36.** All the civil summonses demanded "[t]he balance due and owing on a Sworn Account hereto the Court shown in the amount of X, together with a reasonable Attorney Fee", but no amount is listed for attorney fees. **Doc. 3, Page ID # 46, ¶ 42; Doc. 3-1, Page ID # 58; Doc. 3-2, Page ID # 61; Doc. 3-3, Page ID # 64; Doc. 3-4, Page ID # 67.** None of the sworn affidavits mention attorney fees. **Doc. 3, Page ID # 46, ¶¶ 38-41; Doc. 3-1, Page ID # 60; Doc. 3-2, Page ID # 63; Doc. 3-3, Page ID # 66; Doc. 3-4, Page ID # 69.**

The civil summons in the collection lawsuits contain the following language:

**NOTICE**

NOTICES TO DEFENDANT(S):
. . .

5. If Plaintiff says his suit is based on a SWORN ACCOUNT, and if you deny owing the amount claimed, you will not be permitted to contest Plaintiff's claim unless you deny the correctness of account in writing, under oath. Your SWORN DENIAL should state what amount you think you owe. It must be filed with the Clerk. A copy must be sent to and received by Plaintiff (or his attorney) before the trial date. Failure to comply with this procedure may result in the entry of a judgment against you, unless you show good cause for more time to comply.

**Doc. 3, Page ID # 46-47, ¶ 43; Doc. 3-1, Page ID # 59; Doc. 3-2, Page ID # 62; Doc. 3-3, Page ID # 65, Doc. 3-4, Page ID # 68.**

**LEGAL ARGUMENT**

**I.      APPLICABLE LEGAL STANDARDS.**

**A.      RULE 12(b)(1)**

Under Rule 12(b)(1), a motion to dismiss "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). Mossman brought a factual attack alleging that Plaintiffs' FAC should be dismissed for lack of subject matter jurisdiction. **See Doc. 35, Page ID # 508-509.** Despite this, Mossman does not provide any valid argument as to why this Court does not possess such jurisdiction. **See Doc. 35.** As explained in more detail below, Plaintiffs disagree with Mossman's allegations, and his Motion filed pursuant to Rule 12(b)(1) should be denied.

**B.      RULE 12(c).**

Plaintiffs agree with Mossman that "[a] motion for judgment on the pleadings, filed pursuant to Fed. R. Civ. P. 12(c) . . . is governed by the same standard that applies to motions

3

filed pursuant to Fed. R. Civ. P. 12(b)(6)". **See Doc. 35, Page ID # 508.** "When deciding a motion to dismiss under Rule 12(b)(6) . . ., the district court must construe the complaint in the light most favorable to Plaintiff and must accept all the factual allegations contained in the complaint as true." *See Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010) (citing to *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). "In order to survive a Rule 12(b)(6) motion to dismiss, [Plaintiff's] complaint need only enough facts to state a claim to relief that is plausible on its face" (*See Paige v. Coyner*, at 277 (referencing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)), and "give the defendant fair notice of . . . the . . . claim and the ground upon which it rests" [*Twombly,* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)]. "[C]laim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

Plaintiffs made specific allegations regarding Mossman's Fair Debt Collection Practices Act (FDCPA) violations, which include sufficient facts to satisfy the plausibility test. *Iqbal* at 1949; *Twombly* at 570 ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.") **See, Doc. 3, Page ID # 40-57, ¶¶ 1-74.** "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal* at 1950. Plaintiffs have given Mossman fair notice of their claims and the grounds upon which they rest and his Motion filed under Rule 12(c) should be denied.[1]

---

[1]Initially, as to the EFTA claims, Plaintiffs' agree that Mossman has correctly alleged that the requirements of 12 C.F.R. § 1005.3(b)(2) are only applicable when "a check, draft or other paper instrument" is the source of the information by which the electronic transfer is implemented. Plaintiffs' allegations as to these claims should be dismissed.

4

## II.    FDCPA ANALYSIS.

## A.    GENERALLY.

The Sixth Circuit Court of Appeals decision in *Stratton v. Portfolio Recovery Assoc., LLC*,

770 F. 3d 443, 448-49 (6th Cir. 2014), reaffirmed that:

> The Fair Debt Collection Practices Act is an extraordinarily broad
> statute and must be construed accordingly. *Frey v. Gangwish*, 970
> F.2d 1516, 1521 (6th Cir. 1992); *see also Currier v. First Resolution
> Inv. Corp.,* 762 F.3d 529, 533 (6th Cir. 2014); *Brown v. Card Serv.
> Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) ('Because the FDCPA is a
> remedial statute, . . . we construe its language broadly, so as to effect
> its purpose.'). The FDCPA is a strict-liability statute: A plaintiff does
> not need to prove knowledge or intent, see, e.g., *McCollough v.
> Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir.
> 2011), and does not have to have  suffered actual damages, see, e.g.,
> *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d
> 433, 437 (6th Cir. 2008). Structured as such, the FDCPA functions
> both to protect the individual debtor and advance the declared federal
> interest in 'eliminat[ing] abusive debt collection practices.' 15 U.S.C.
> § 1692(e); *see also Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir.
> 1995). Strict liability places the risk of penalties on the debt collector
> that engages in activities which are not entirely lawful, rather than
> exposing consumers to unlawful debt-collector behavior without a
> possibility for relief. Cf. Guido Calabresi & Jon T. Hirschoff, Toward
> a Test for Strict Liability in Torts, 81 Yale L.J. 1055, 1060 (1972).

## B.    FDCPA VIOLATIONS.

To establish a *prima facie* case for an FDCPA violation, a plaintiff must prove four

essential elements:

1.    He or she is a natural person who is harmed by violations of the FDCPA, or is a
      "consumer" within the meaning of 15 U.S.C.A. §§ 1692a(3), 1692(d) for purposes of a
      cause of action, 15 U.S.C.A. § 1692c or 15 U.S.C.A. § 1692e(11)[;]

2.    The "debt" arises out of a transaction entered primarily for personal, family, or household
      purposes, 15 U.S.C.A. § 1692a(5)[;]

3.    A defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C.A. §
      1692a(6); and

4. A defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C.A § 1692a-1692o; 15 U.S.C.A § 1692a; 15 U.S.C.A § 1692k.

15 U.S.C. §§ 1692 *et seq*.; *Whittiker v. Deutsche Bank National Trust Co*., 605 F.Supp.2d 914, 938-39 (N.D. Ohio 2009). The FDCPA is a strict liability statute, so a single violation is sufficient to incur liability. *Edwards v. McCormick*, 136 F.Supp.2d 795, 800 (S.D. Ohio 2001) (citing *Frey v. Gangwish II*, 970 F.2d 1516, 1518-19 (6th Cir. 1992)).

## C. "LEAST-SOPHISTICATED-CONSUMER" STANDARD APPLIES.

As a communicator of the language in the civil summons and affidavit, Mossman is "'responsible for its content and for what the least sophisticated [consumer] would have understood from it.' *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014)." *Stratton, supra*, at 451. In *Stratton, supra,* at 450, the Sixth Circuit states:

> To determine whether a debt collector's conduct runs afoul of the FDCPA, '[c]ourts must view any alleged violation through the lens of the "least sophisticated consumer"—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007) (internal quotation marks and citations omitted).

All of Plaintiffs' claims of 15 U.S.C. §§ 1692e and 1692f violations are evaluated pursuant to the least sophisticated consumer standard.

## III. PLAINTIFFS' FDCPA ALLEGATIONS STATE PLAUSIBLE CLAIMS.

### A. Claims for falsely representing Plaintiffs' rights under state law – 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

6

(A) the character . . . or legal status of any debt;

. . .

(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken.

. . .

(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §§ 1692e; *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009). The § 1692e(10) provision is as broad in scope as the general deception prohibition in the first sentence of section 1692e, and like that sentence, it is a "catch-all" provision. Even unsuccessful "attempts" to collect debts by deceptive means are expressly prohibited by this section.

A debt collector may also not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692f; *Hartman, supra,* at 611.

Debt collection attorneys are generally held responsible under the FDCPA for deceptive statements in the debt collection suits they bring, usually filed in state courts. The Supreme Court ruled on this point in *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 395 (1995), holding the FDCPA applied to deceptive practices during the course of a state debt collection lawsuit. *Also, see Stratton, supra,* at 449-50 ("In sum, absent strong evidence of an exemption, the FDCPA's protections are available wherever unscrupulous debt collection practices might be found—and most certainly in litigation. *See Hartman v. Great Seneca Fin. Corp.,* 569 F.3d 606, 615-616 (6th Cir. 2009).").

Tennessee state law and case law is clear that Plaintiffs allegations regarding the civil summons language is a communication that falsely represents Plaintiffs' rights under state law. **Doc. 3, Page ID # 47-48, ¶¶ 43-47.**

7

The civil summons plainly falls within the FDCPA definition of communication, which means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). As the Sixth Circuit Court of Appeals found in *Currier* that: "Court filings can be a threat under the FDCPA. *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x. 24, 28-29, 30 (6th Cir. 2007); *see also Sayyed v. Wolpoff & Abramson*, 485 F. 3d 226, 229-32 (4th Cir. 2007) (FDCPA applies to interrogatories and motions for summary judgment); *Gearing v. Check Brokerage Corp.*, 233 F. 3d 469, 472-73 (7th Cir. 2000) (FDCPA applies to a complaint). The fact that the threat appears in a lawsuit or other court filing does not diminish the threatening nature of the communication for purposes of the FDCPA. *See Gionis*, 238 F. App'x at 29-30. Nor does it matter that the filing is also an 'action' because "attempts" and "threats" are not necessarily mutually exclusive concepts. *Id.* at 28-29." *Currier*, *supra*, at 535-36; *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1032 (9th Cir. 2010) ("To limit the litigation activities that may form the basis of FDCPA liability to exclude complaints served personally on consumers to facilitate debt collection, the very act that formally commences such a litigation, would require a nonsensical narrowing of the common understanding of the word 'litigation' that we decline to adopt.").

Plaintiffs' claim is one that this Court found presents "a genuine issue of material fact as to whether this form is a 'communication from the court' as opposed to a communication from a debt collector. *See Dickerson v. CBET, Inc.*, Case No. 2:14-CV-174-JRG-MCLC (E. D. Tenn. 2016), **Doc. 85, Page ID # 740.** One substantial difference between the *Dickerson* case and the current case is the *Dickerson* form was a pre-printed form obtained from the state court clerk (*Dickerson*, at Page ID # 732), whereas the current case forms are not pre-printed forms obtained from the court clerk, but were prepared by Mossman. **Doc. 3, Page ID # 45, ¶ 31; Mossman's Answer, Doc. 10, Page ID # 103, ¶ 31; Doc. 3, Page ID # 44-45, ¶¶ 25-30.**

8

Mossman made the decision to convey the language that contained false representations as to Plaintiffs' rights under state law when it filed the civil summonses with the state court. Something the FDCPA forbids. *See Gionis, supra*, at 30. Contrary to Mossman's argument, the issue for these claims is not whether the Plaintiffs had grounds or not for denying the debt or did not intend to deny the debt **[See Doc. 35, Page ID # 511, 2nd full ¶]**, but whether the misrepresentation of Plaintiffs' rights under state law were misrepresented by the language of the civil summons prepared by Mossman and conveyed by both the FDCPA Defendants. **See Doc. 3, Page ID # 44, ¶ 26, Page ID #45, ¶ 31.**

As stated by the Sixth Circuit Court of Appeals in *Buchanan v. Northland Group*, 2015 U.S. App. LEXIS 517 (6th Cir., Jan. 13, 2015), a decision that involved a defendant's Rule 12(b)(6) motion to dismiss claims that involved an allegedly misleading communication:

> The Fair Debt Collection Practices Act bans all 'false, deceptive, or misleading' debt-collection practices. 15 U.S.C. § 1692e. As the addition of the term 'misleading' confirms, the statute outlaws more than just falsehoods. That is why '[t]ruth is not always a defense,' *Grden v. Leikin Ingber & Winters, PC*, 643 F.3d 169, 172 (6th Cir. 2011), and that is why even a true statement may be banned for creating a misleading impression.
>
> . . .
>
> Whether a letter is misleading raises a question of fact.[2] Generally speaking, 'a jury should determine whether the letter is deceptive and misleading.' *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 441 (6th Cir. 2008); *see Grden*, 643 F.3d at 172 (same); *Hartman v. Great Seneca Fin. Corp.,* 569 F.3d 606, 613 (6th Cir. 2009) (same). Courts do not lightly reject fact-based claims at the pleading stage. They may do so only after drawing all reasonable inferences from the allegations in the complaint in the plaintiff's favor and only after concluding that, even then, the complaint still fails to allege a plausible theory of relief. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

---

[2] In *Buchanan,* the communication is a letter. In the present case, the communications are the civil summons and affidavit.

That is not to say that all such claims will go to a jury merely because they implicate a question of fact. A claim may be implausible on its face because even an unsophisticated consumer would not be confused, making discovery pointless and jury resolution unnecessary. *See Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776-77 (7th Cir. 2007). Or the claimant may not wish to seek discovery and may agree that a court should resolve the claim as a matter of law. *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999). Or the claim may warrant discovery but be appropriate for summary judgment after that. *Lamar*, 503 F.3d at 508 n.2. Through it all, the hurdle to proceed from pleading to discovery remains a low one, requiring only that the plaintiff plead a plausible theory of relief. That reality favors Buchanan."

*Id.* at *5, *7. The question in the present case is whether the language of the communication that tells Plaintiffs that they "will not be permitted to contest Plaintiff's claim unless you deny that correctness of account in writing, under oath" could plausibly mislead and confuse the least sophisticated consumer. As in *Buchanan*, the Plaintiffs in the present case offers a plausible theory of consumer deception and confusion that "nudge[s][her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Id.* at *11.

Additionally, Mossman's argument that the misrepresentations of Plaintiffs' rights under state law were not material totally ignores the Sixth Circuit Court of Appeal's long held position on this issue:

Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the 'least sophisticated consumer' would be misled by defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). In addition, in applying this standard, we have held that a statement must be materially false or misleading to violate Section 1692e. *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596-97 (6th Cir. 2009) (applying a materiality standard to a Section 1692e claim that was based on alleged misstatements in legal pleadings). The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer."

*Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326-27 (6th Cir. 2012). A position reaffirmed by the Sixth Circuit in *Gillie v. Law Office of Eric A. Jones, LLC*, 785 F.3d 10, at 37-38 (6th Cir. 2015):

> A debt collector violates 15 U.S.C.S. § 1692e, put simply, if the collection practice that he uses has the tendency to confuse the least sophisticated consumer. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This is an objective standard, with a relatively low bar so as to cast FDCPA-protection over all consumers, even those who are 'gullible' or 'naïve'. *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008). However, because it is an objective standard, we will not sanction 'liability for bizarre or idiosyncratic interpretations of collection notices.' *Barany-Snyder*, 539 F.3d at 333 (internal quotation marks omitted). Courts must consider the question of liability in light of the FDCPA's prevailing purpose—to prevent abusive, misleading, and deceptive debt collection practices.
> . . .
>
> Only material violations of the § 1692e prohibitions will result in liability. *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326-27 (6th Cir. 2012). But materiality in the FDCPA context is no more than a restatement of the above-referenced standard: a false representation or act is material if it has the tendency to confuse the least sophisticated consumer. *Id.*

Plaintiffs made plausible claims for Mossman's §§ 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f violations when he falsely represented Plaintiffs' rights under state law. His Motion should be dismissed as to these claims.

> **B.**    **Claims for falsely representing the amount of the debt -**
> **15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10)**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2)    The false representation of—
>
> (A)  the character, amount, or legal status of any debt; or

> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §§ 1692e; *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009). Section 1692e(10) is as broad in scope as the general deception prohibition in the first sentence of section 1692e, and is a "catch-all" provision. Even unsuccessful "attempts" to collect debts by deceptive means are expressly prohibited by this section.

A debt collector may also not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692f; *Hartman, supra,* at 611.

Plaintiffs' other FDCPA claims involve requests for different amounts in different communications resulting in conflicting statements as to the amount owed that would be confusing to the least sophisticated consumer, which also has nothing to do with entry of state court judgments or judgment amounts. **Doc. 3, Page ID # 48, ¶ 48.** All the civil summonses demanded "[t]he balance due and owing on a Sworn Account hereto the Court shown in the amount of X, together with a reasonable Attorney Fee", without listing an amount for attorney fees. **Doc. 3, Page ID # 46, ¶ 42; Doc. 3-1, Page ID # 58; Doc. 3-2, Page ID # 61; Doc. 3-3, Page ID # 64; Doc. 3-4, Page ID # 67.** The only support for the collection lawsuits are sworn affidavits that make no mention of attorney fees. **Doc. 3, Page ID # 46, ¶¶ 38-41; Doc. 3-1, Page ID # 60; Doc. 3-2, Page ID # 63; Doc. 3-3, Page ID # 66; Doc. 3-4, Page ID # 69.**

In *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004), the Seventh Circuit Court of Appeals held that:

> Even if attorneys' fees are authorized by contract, as in this case, and even if the fees are reasonable, debt collectors must still

12

> clearly and fairly communicate information about the amount of
> the debt to debtors. This includes how the total amount due was
> determined if the demand for payment includes add-on expenses
> like attorneys' fees or collection costs.
>
> . . .
>
> One simple way to comply with § 1692e and § 1692f in this regard
> would be to itemize the various charges that comprise the total
> amount of the debt.

*Id.* at 565-66. *See also Dowdy v. Solutia Healthcare TAS, Inc.*, 2006 U.S. Dist. LEXIS 88899, at

*25 (Applying *Fields*, Court concludes that Solutia's failures to reflect clearly the addition of

collection costs to the principal balance violates 15 U.S.C. §§ 1692e and 1692f); *Murr v. Tarpon

Fin. Corp.*, 2014 U.S. Dist. LEXIS 16047 (E.D. Tenn. 2014) ("*See Fields*, 383 F.3d 565

('Indeed, refusing to quantify an amount that the debt collector is trying to collect could be

construed as falsely stating the amount of debt.') (citing *Miller*, 214 F.3d at 875-76)").

A common consumer claim is that the amount of the debt, especially the amount of

additional interest and the amount of attorney fees owed for its collection, is not disclosed by a

debt collector in a letter or a pleading in violation of section 1692e(2)(A) or 1692e(2)(B). *See

Fields, supra; Dowdy, supra, Murr, supra, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols,

and Clark, LLC*, 214 F.3d 872 (7th Cir. 2000); *Stonecypher v. Finkelstein Kern Steinberg

Cunningham &*, No. 2:11−CV−13, 2011 U.S. Dist. LEXIS 88319, 2011 WL 3489685, at *5 n.1

(E.D. Tenn. 2011). Such consumers demonstrate tangible harm under an injury-in-fact analysis

if they pay more than they actually are informed they owe in a communication from a debt

collector. The consumer may also have a diminished credit score due to the additional amount of

a debt not disclosed to them or the increased judgment being reported to consumer reporting

agencies, thereby impeding the consumer's access to lower-cost credit, jobs, or housing. In the

current action, the Plaintiffs were not provided the amount of attorney fees they allegedly owed

in the communications made in the collection lawsuits resulting in them being denied the information about the amount of the debt owed and the compensation for Mossman that was to be added to the principal amount of the debt.

In addition, these two communications make conflicting statements that would be confusing to the least sophisticated consumer as to how much was allegedly owed and resulted in the FDCPA Defendants making a false representation (a) of the character, amount, or legal status of any debt, and (b) of the compensation which may be lawfully received by any debt collector for collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10). **Doc. 3, Page ID # 46, ¶ 48; Doc. 3-1, Page ID # 58, 60; Doc. 3-2, Page ID # 61, 63; Doc. 3-3, Page ID # 64, 66; Doc. 3-4, Page ID # 67, 69.**

Plaintiffs made plausible claims for Mossman's §§ 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f violations for falsely representing the amount of the debt. His Motion should be dismissed as to these claims.

## IV.     ROOKER-FELDMAN.

Mossman adopts the argument made by PASI that the *Rooker-Feldman* doctrine precludes this Court from exercising subject matter jurisdiction over Plaintiffs' claims. **See, Doc. 35, Page ID # 513-514.** PASI's general argument on this doctrine is based on the premise that Plaintiffs' claims are all made because the Defendants in these actions obtained judgments against all the Plaintiffs in state court, despite Defendants' statement in their memorandum that the collection lawsuit against Griffin was dismissed without prejudice and no judgment was entered. **See Doc. 19, Page ID # 379**. Without a judgment against Griffin, the *Rooker-Feldman* doctrine is clearly not applicable to her claims. As stated below, it is not applicable to the additional Plaintiffs' claims as well.

14

The Sixth Circuit Court of Appeals decision in *Todd v. Weltman, Weinberg & Reis Co., L.P.A.,* 434 F.3d 432 (6th Cir. 2006) followed the United States Supreme Court's unanimous decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), where the Supreme Court found that the lower courts have extended the *Rooker-Feldman* doctrine "far beyond the contours" of the original Supreme Court decisions. *Exxon*, at 283. The *Exxon* Court "held that the *Rooker-Feldman* doctrine applied only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' *Id*. at 1521-22.". *Todd*, at 436. Also, as this Court recently held in *Keller v. Hosp. of Morristown, et al*, 2016 U.S. Dist. LEXIS 163279, at *12-13 (E.D. Tenn., Nov. 28, 2016):

> The plaintiffs have alleged that violations were committed by the defendants when a civil summons was prepared and submitted to the state court with an alleged misstatement of law and a 'different amount' used in the summons and sworn account. The alleged conduct occurred when preparing and submitting the civil summons, not upon entry of judgment. Therefore, the source of the plaintiffs' alleged injuries is the collection practice of the defendants in preparing in the civil summons and sworn account submitted to the state court. The entry of the default judgments does not erase the alleged FDCPA violation that occurred prior to entry. The *Rooker-Feldman* doctrine does not prohibit the Court from considering the FDCPA claims.

As in *Todd* and *Keller*, Plaintiffs are not complaining of injuries caused by the state court judgments. Instead, Plaintiffs have filed independent federal claims in which they specifically pled injury prior to the entry of the state court judgment when the FDCPA Defendants: (1) made communications in the civil summons in connection with collection of a debt and in an attempt to collect a debt that were false, deceptive, and misleading representations of Plaintiffs' rights under state law, and (2) requested different amounts in the civil summons and sworn affidavits that made conflicting statements as to the amount owed by Plaintiffs that would be confusing to

15

the least sophisticated consumer as to (a) how much was allegedly owed and (b) the compensation which may be lawfully received by any debt collector for collection of any debt. The FDCPA violations occurred when the collection lawsuit was filed, not when the state court judgment was entered. **Doc. 3, Page ID # 46-48, ¶¶ 43-48.**

In this action, Plaintiffs have not challenged entry of the state court judgments, or the judgment amounts, or made any requests that this Court rule that the state court erred in entering the judgments, but have brought claims independent of the state court claims. **Doc. 3, Page ID # 46-48, ¶¶ 43-48; Page ID # 49-50, ¶¶ 53-58.** Again, all of Plaintiffs' FDCPA claims involve Mossman's actions <u>prior</u> to the entry of the state court judgments in violation of the FDCPA. Most courts that have considered *Rooker-Feldman* challenges to FDCPA claims since *Exxon* have found that the doctrine does not apply, most often because the FDCPA misconduct was prejudgment. *See Todd, supra* (*Rooker-Feldman* doctrine does not preclude jurisdiction over claim against collection attorneys who falsely misrepresented state of debtors' non-exempt assets in affidavits in support of state court garnishments); *Elyazidi v. SunTrust Bank*, 780 F.3d 227 (4th Cir. 2015) (*Rooker-Feldman* doctrine did not bar court from hearing FDCPA claims about debt collector's pre-judgment representations regarding the amount that may be recovered in attorney fees, as the FDCPA claim did not pose a challenge to state court's judgment); *Bond v. U.S. Bank Nat'l Ass'n*, 2010 WL 1265852 (E.D. Mich. Mar. 29, 2010); *Whittiker, supra*, 605 F. Supp. 2d 914 (N.D. Ohio 2009); *See also Nikkel v. Wakefield & Assocs., Inc.*, 2011 WL 4479109 (D. Colo. Sept. 26, 2011) (*Rooker-Feldman* doctrine was not applicable where, although state court approved settlement agreement, plaintiff's FDCPA suit complained of misrepresentations that were "independent of and complete prior to" state court's approval of agreement or state court judgment).

16

## V.      RES JUDICATA AND COLLATERAL ESTOPPEL.

Mossman also adopts the argument by PASI that Plaintiffs' FDCPA claims are precluded by *res judicata*.  **See Doc. 35, Page ID # 514.**  In the context of Plaintiffs FDCPA claims, *res judicata* (claim preclusion), and collateral estoppel (issue preclusion), in *Keller, supra*, at * 13-14, this Court addressed these same arguments, and held that:

> Claim preclusion prevents a party from relitigating previously adjudicated claims, or claims that should have been advanced in an earlier suit between the same parties. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). The claim preclusion doctrine requires this Court to give the same effect to the Tennessee state court judgment as another Tennessee state court would. *Hutcherson v. Lauderdale Cnty*., Tenn., 326 F.3d 747, 758 (6th Cir. 2003). Under Tennessee law, claim preclusion bars a subsequent suit where, (1) the underlying judgment was rendered by a court of competent jurisdiction, (2) the same parties or their privies were parties in both suits, (3) the same claim or cause of action was asserted in both suits, and (4) the underlying judgment was final and on the merits. *Long v. Board of Professional Responsibility*, 435 S.W.3d 174, 183 (Tenn. 2014) (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)).

> The doctrine of collateral estoppel, or issue preclusion, applies only if '(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding . . . resulted in a final judgment on the merits; and (4) the party against whom [issue preclusion] is sought ... had a full and fair opportunity to litigate the issue in the prior proceeding.' *Smith v. Securities & Exch. Comm'n*, 129 F.3d 356, 362 (6th Cir.1997) (en banc) (citing *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir.1987)).

As in *Keller, supra*, at *15-16, the underlying state court action against Plaintiffs:

> [W]as a debt collection action that adjudicated only whether the plaintiffs owed the underlying debt to Lakeway.  There is nothing in the record here to show that the defendants' collection practices, including contents of the summons, were even at issue in the proceeding, much less at the 'forefront.' While the state court may have been satisfied that the plaintiffs were given an opportunity to

deny the debt, such a conclusion does not foreclose the FDCPA claims of unfair or deceptive practices used in preparing the summons or affidavit that may have misstated the law.

Additionally, these cases do not 'arise out of the same transaction' as the defendants contend. The transaction that led to the state court suit was Lakeway providing medical services to the plaintiffs resulting in debts, and the plaintiffs failing to pay the debts. The preparation of the civil summons and affidavit were not the transaction at issue in the state court debt collection suit. The defendants have failed to meet their burden to show that claim preclusion bars the court from considering the plaintiffs' FDCPA claims.

Additionally, issue preclusion cannot apply to any of the plaintiffs' claims, because the defendants have failed to provide any support that the alleged FDCPA claims were 'actually litigated.' The only evidence before the Court are the civil summons and the agreed judgments. A judgment by agreement for a particular amount does not show, at this stage, that the issues relating to the FDCPA claims were even at issue before the state court, much less 'actually litigated.' Issue preclusion does not bar the Court from considering the plaintiffs' FDCPA claims.

Clearly Mossman's argument under *res judicata* or claim preclusion fails as to Griffin's claims because no judgment was rendered against her **[Doc. 19, Page ID # 379; Doc. 3-2, Page ID # 61].** They also fail as to the other Plaintiffs' claims, because (1) there was no final decision on the merits in the collection lawsuits[3], and (2) the same claims or causes of action were not asserted in both suits. In *Robinson, supra*, where the same plaintiff filed a second federal court action against one of the defendants in the first action, this Court held that:

Although the same section of the FDCPA was raised in the first suit, 1692e(8), and although the credit reports were used in arguing against the motion for summary judgment, the precise fact alleged to having caused the 1692e(8) violation, i.e. that the defendant failed to communicate the disputed status of the debt to

---

[3] Despite Defendants' representations that "Plaintiffs entered agreed Judgments" **[Doc. 19, Page ID # 391, 395]**, there is no evidence that either Plaintiffs or anyone representing Lakeway in state court signed the "agreed judgments", effectively making them default judgments unchallenged by Plaintiffs on the merits.

TransUnion, was not raised. It is true that the plaintiff did not discover this alleged violation until March 2, 2103. Of course, the prudent thing to have done was to move to amend the Amended Complaint in the first suit to add this claim, but the plaintiff, instead, filed the instant suit. To be sure, this precise claim and this identical issue were not raised in the first suit. Accordingly, the motion to dismiss in this regard is DENIED.

*Id.,* at Page ID #128.  *See also, Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012), where the

Tennessee Supreme Court held that:

> The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit. *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). It is a 'rule of rest,' *Moulton v. Ford Motor Co*., 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits. *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002).
>
> The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *see also Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).

*Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

Mossman's argument that Plaintiffs' claims could have been raised and prosecuted in the

state court action as counterclaims does not assert that the claims are compulsory counterclaims

required by Tenn. R. Civ. P. 13.01, which "match the federal rules in this regard". *See Creech v.*

*Addington*, 281 S.W. 3d 363, 380 (Tenn. 2009), rehearing denied, *Creech v. Addington*, 2009

Tenn. LEXIS 76 (Tenn. 2009).  In *Creech*, the Tennessee Supreme Court held that:

19

Two suits, therefore, shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions.

The transactional approach, while more predictable and easier to apply than the 'primary right' test, is not without limitations. In defining the scope of res judicata, this Court has long been careful to balance the doctrine's benefits of efficient proceedings and finality and consistency of judgments with the dangers of unduly limiting the rights of litigants to have all of their claims heard on merits. In *White v. White*, 876 S.W.2d 837 (Tenn. 1994), the plaintiff brought a suit to establish that her insured spouse, who had disappeared while on a business trip years earlier, died prior to the date that his life insurance policy lapsed. The defendants, the insurance company and a bank with an assignment interest in the policy, argued that her suit was barred by res judicata because a jury had determined in an earlier proceeding that the fact of the insured's death had not been established by a preponderance of the evidence. *Id.* at 838-39. The Court concluded that the second suit was not barred because 'neither the issue to be decided, nor the evidence to be considered, [was] the same as in the previous case.' Id. at 841.

*Creech*, at 381. Plaintiffs' claims are not compulsory counterclaims required to be brought in response to Defendants' collection lawsuits because they did not arise out of the same transaction or occurrence. *See Peterson v. United Accounts, Inc.*, 638 F.2d 1134 (8th Cir. 1981) (FDCPA claim not compulsory counterclaim to a state collection suit and could be filed in a federal court); *Swain v. CACH, L.L.C.*, 699 F. Supp. 2d 1117 (N.D. Cal. 2009) (Although consumer's FDCPA claim was generally related to the prior state collection action, consumer's claim arose out of a different set of facts related to defendants' collection efforts, and was not a compulsory counterclaim required to be raised in the prior state action); *Gutierrez v. LVNV Funding, L.L.C.*, 2009 U.S. Dist. LEXIS 54479 (W.D. Tex. Mar. 16, 2009) (FDCPA action alleging that defendant violated the FDCPA by filing state court complaints with attached false affidavit was not a compulsory counterclaim in the state collection action and therefore not barred by res judicata).

In *Robinson, supra*, this Court also found that:

> As for collateral estoppel/issue preclusion, that doctrine applies
> only if '(1) the precise issue raised in the present case [was] raised
> and actually litigated in the prior proceeding; (2) determination of
> the issue [was] necessary to the outcome of the prior proceeding;
> (3) the prior proceeding . . . resulted in a final judgment on the
> merits; and (4) the party against whom [issue preclusion] is sought
> ... had a full and fair opportunity to litigate the issue in the prior
> proceeding." *Smith v. Securities & Exch. Comm'n*, 129 F.3d 356,
> 362 (6th Cir.1997) (*en banc*) (*citing Detroit Police Officers Ass'n
> v. Young*, 824 F.2d 512, 515 (6th Cir.1987)).

*See also, In re Taylor B.W.*, 397 S.W. 3d 105 (Tenn. 2013), where the Tennessee Supreme Court

held that:

> The determination of the best interests of Taylor W. and Ashley
> W. in the present parental termination proceeding requires
> consideration of a different set of factors than those that were
> considered in the prior custody and grandparent visitation
> proceeding. Each determination therefore requires the issue of
> 'best interest' to be decided using a different set of factors. The
> doctrine of collateral estoppel is therefore inapplicable because the
> issues are not identical. *Mullins v. State*, 294 S.W.3d 529, 536
> (Tenn. 2009) (citing *Patton v. Estate of Upchurch*, 242 S.W.3d
> 781, 787 (Tenn. Ct. App. 2007)).

*Id.*, at 112.

Mossman's collateral estoppel argument fails since he cannot show any issues were

"actually litigated" in the prior actions. There were no trials. The prior actions were default

proceedings. **See Footnote 3 above.** Plaintiffs' claims are not barred by collateral estoppel

because the issues in the current action are not the same as in the collection lawsuits (whether

Plaintiffs owed Lakeway any money and how much). In the current case, Plaintiffs alleged

Mossman violated the FDCPA during debt collection, claims not raised in the collection

lawsuits. Plaintiffs did not have a full and fair opportunity to litigate these issues in the collection

lawsuits. Mossman's Motion regarding *res judicata* and collateral estoppel should be denied.

## CONCLUSION

The FDCPA is a strict liability statute. It does not require that a debt collector have knowledge that the representations and means it is using in connection with collection of a debt or in an attempt to collect a debt are wrong to be held liable. But, when allegations have been made that debt collectors such as debt collection attorneys, who presumably have been advised what is necessary as to the knowledge and documentation needed to meet the requirements for collection in state court, have intentionally chosen to pursue collection through false, deceptive, and misleading, means and representations meant to intimidate consumers into accepting default judgments or entering into agreed judgments, then the case should be allowed to proceed to discovery so the facts of what occurred during the debt collection may be determined, and a trier of fact can decide if FDCPA violations have occurred. As stated in *Buchanan, supra*, and the other Sixth Circuit cases cited therein, whether communications of a debt collector constitute false, deceptive or misleading representations or means is generally a question for the trier of fact.

Also, construing Plaintiffs' First Amended Complaint in the light most favorable to Plaintiffs and accepting that all the factual allegations contained in the complaint are true, these allegations contain sufficient facts to state plausible claims. The allegations give Mossman fair notice of what the claims are and the grounds upon which they rest, and allow the Court to draw the reasonable inference that Mossman is liable for the alleged violations. Based on these facts, Plaintiffs have alleged plausible claims that Mossman violated the FDCPA in his attempts to collect the debt. Mossman's Motion pursuant to Rules 12(b)(1) and 12(c) should be denied and Plaintiffs should be allowed to proceed to discovery and a full and complete trial on the merits.

12/16/16                           Respectfully submitted,

                                   **SCOTT KELLER**
                                   **CELIA GRIFFIN**
                                   **MARTHA FINCHER**
                                   **CHENNA ROBINSON**
                                   **MITCHELL ROBINSON**


                                   s/        Alan C. Lee
                                   Alan C. Lee, BPR # 012700
                                   P. O. Box 1357
                                   Talbott, TN 37877-1357
                                   (423) 581-0924
                                   aleeattorney@gmail.com


                                   Scott C. Borison, CA Bar #289456
                                   1900 S. Norfolk St., Suite 350
                                   San Mateo, CA 94403
                                   (301) 620-1016
                                   borison@legglaw.com


                                   Peter A. Holland, MD Bar # 10866
                                   The Holland Law Firm, P.C.
                                   914 Bay Ridge Road, Ste. 230
                                   (410) 280-6133
                                   peter@hollandlawfirm.com

                                   Attorneys for Plaintiffs



                    <u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify this 16th day of December 2016, a copy of the foregoing document was filed
electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system
to all parties indicated on the electronic filing receipt.  Parties may access this filing through the
Court's electronic filing system.


                                   s/   Alan C. Lee
                                   Alan C. Lee, Attorney for Plaintiffs

                                   23